UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

DELMAR FRAZER,

    Plaintiff,

vs.

EAST COAST METAL
STRUCTURES CORP.,
a Florida Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, DELMAR FRAZER ("Mr. Frazer" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, EAST COAST METAL STRUCTURES CORP. ("Defendant") and alleges the following:

1. Plaintiff brings these claims against Defendant for race discrimination and retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981" or "§ 1981"), and for race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION AND CONDITIONS PRECEDENT

2.     This Court has original jurisdiction over Plaintiff's § 1981 and Title VII claims as they arise under federal law, and the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

3.     This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his Section § 1981 and Title VII claims.

4.     Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations, on or about February 22, 2022.

5.     On or about July 17, 2022, Plaintiff received his Notice of Right to Sue from the EEOC, giving him ninety days to file his Title VII claims upon receipt of same.

6.     More than 180 days has passed since the filing of Plaintiff's Charge of Discrimination.

7.     Pursuant to § 1981, Title VII, and the FCRA, Plaintiff timely files this lawsuit within the applicable period of limitations against Defendant and has complied with all administrative prerequisites.

8.     All conditions precedent to this action have been satisfied and/or waived.

## VENUE

9.     Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County,

Florida, where the actions at issue took place.

## PARTIES

10. Plaintiff, who is an adult Black/Jamaican-American male, is protected by Section 1981 and Title VII/FCRA because:

    a. He suffered discrimination (and retaliation in violation of Section 1981) by Defendant on the basis of his race and national origin; and

    b. He objected to the race/national origin-based discrimination; and

    c. He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on race, and national origin, and on his objections to the race/national origin-based discrimination, including being terminated for same.

11. Defendant was at all material times an "employer" within the meaning of § 1981 and as defined by Title VII/FCRA, as it employed in excess of fifteen (15) employees.

12. Plaintiff was at all material times an "employee" of Defendant within the meaning of § 1981 and as defined by Title VII/FCRA.

13. Defendant is a Florida corporation that is registered to do business in the state of Florida, including, among other places, Palm Beach County, Florida.

## GENERAL ALLEGATIONS

14. Mr. Frazer, who is Black/Jamaican-American, worked for ECMS as a

Welder/Fabricator from March 4, 2021, until his termination on June 25, 2021.

15. Shortly after being hired, Mr. Frazer learned that he was being required by ECMS to drive an extra thirty (30) minutes each day to ECMS's shop even though ECMS had another shop much closer to him, in Riviera Beach, Florida.

16. When Mr. Frazer asked his ECMS Shop Manager, Marty, why he could not work at the much closer Riviera Beach location, Marty stated that ECMS "only wants rednecks there."

17. Marty also repeatedly made discriminatory racial "jokes" about Jamaicans by, for example, calling Jamaicans lazy.

18. One day, Marty told Mr. Frazer, out of the blue, that "Black people don't have it as bad as [they] think" and that Black people "need to stop complaining."

19. On two separate occasions, Mr. Frazer gave Marty a ride home after work.

20. Both times, Marty made racially-charged remarks about Black co-workers of Mr. Frazer's.

21. On June 24, 2021, Mr. Frazer was discussing project blueprints with one of these Black employees.

22. Marty raced outside, agitated, and foolishly yelled "get back to work." Mr. Frazer attempted to explain to the misguided Marty that he and his Black co-worker had been going over the blueprints for the project.

23. Marty scoffed and stated, "he has been fabricating for years and he knows how long it takes. So you niggers can't outsmart me!"

4

24. The repeated discriminatory, racist actions and statements by ECMS management against Plaintiff due to his race/national origin constitute direct evidence of race and national origin discrimination, created a hostile work environment, and constituted disparate treatment in violation of Title VII, FCRA, and Section § 1981.

25. Astonished, alarmed, and humiliated, Mr. Frazer walked over to ECMS's Human Resources Department to object to the discrimination based on race and based on national origin to which ECMS continued to subject him, but they were not open.

26. Therefore, Mr. Frazer objected to the discrimination directly to Marty and told Marty that he would report him for racial/national origin discrimination.

27. Mr. Wilkerson's objections constituted protected activity pursuant to Section 1981 and Title VII/FCRA.

28. The very next day, June 25, 2021, ECMS's Human Resources Department called Mr. Frazer around noon and informed him that ECMS had decided to terminate his employment, effective immediately.

29. Defendant did little, if anything, to investigate or remedy the discrimination.

30. By reason of the foregoing, Defendant's actions, affected Plaintiff's ability to enjoy the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens" in violation of Section 1981.

31. By reason of the foregoing, Defendant's actions, and non-actions, violated § 1981 and Title VII/FCRA.

32. Title VII/FCRA prohibits race and national origin discrimination in the workplace.

33. Section 1981 prohibits race discrimination in the workplace.

34. Plaintiff's termination constitutes an adverse action as defined by Title VII/FCRA and Section 1981.

35. Plaintiff suffered an adverse action as a result of his race and national origin, and his objections to same.

36. Defendant's actions demonstrate blatant discrimination based on race and national origin and were wholly violative of Section 1981 and Title VII/FCRA.

37. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties.

38. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

39. Plaintiff's termination was for pretextual and discriminatory reasons based on Plaintiff's race and national origin.

40. Plaintiff was treated in a disparate manner from his non-Black/Jamaican-American counterparts.

41. By reason of the foregoing, Defendant's actions violated Section 1981 and Title VII.

42. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and, ultimately, termination, because of his race and

national origin.

43. Any reason provided by Defendant for its actions is a pretext and cover-up for illegal discrimination.

44. Plaintiff was terminated because of his race in violation of Sections 1981, and his objections to what he reasonably believed to be a discriminatory practice in the workplace.

45. The temporal proximity, between Plaintiff's objections to what he reasonably perceived to be race and national origin discrimination, and his termination, is sufficiently close to establish a temporal nexus between the two events.

46. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards him.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE

48. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 16, 18 through 32, and 34 through 47 as if fully set forth in this Count.

49. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

50. The discrimination/disparate treatment/hostile work environment to which Plaintiff was subjected was based on his race.

51. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

52. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

54. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT II:  DISCRIMINATION IN
## VIOLATION OF TITLE VII BASED ON NATIONAL ORIGIN

57. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 34 through 47, as if fully set forth in this Count.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on national origin under Title VII.

59. The discrimination/disparate treatment/hostile work environment to which Plaintiff was subjected was based on his national origin.

60. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

61. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

63. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation

expenses pursuant to Title VII.

65. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT III: DISCRIMINATION IN VIOLATION OF SECTION 1981 BASED ON RACE

66. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1, 2, 7 through 31, and 33 through 47 of the Complaint as if fully set forth in this Count.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under § 1981.

68. The discrimination to which Plaintiff was subjected was based on his race, Black/African.

69. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of

punitive damages against Defendant to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981; require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of back/front pay; grant Plaintiff a judgment against Defendant for all available damages, including punitive damages; award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981; and, award any additional relief that this Court deems just and appropriate.

## COUNT IV: DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON NATIONAL ORIGIN

73. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 34 through 47, as if fully set forth in this Count.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on national origin under the FCRA, Chapter 760, Florida Statutes.

75. The discrimination/disparate treatment/hostile work environment to

11

which Plaintiff was subjected was based on his national origin.

76. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

79. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the section 760.11(5), Florida Statutes.

81. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT V: RETALIATION IN
## VIOLATION OF SECTION 1981 BASED ON RACE

82. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1, 2, 7 through 31, and 33 through 47 of the Complaint as if fully set forth in this Count.

83. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race retaliation under § 1981.

84. The retaliation to which Plaintiff was subjected was based on his objections to race discrimination in the workplace, or what he reasonably believed to be race discrimination in the workplace.

85. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981; require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of back/front pay; grant Plaintiff a judgment against Defendant for all available damages, including punitive damages; award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981; and, award any additional relief that this Court deems just and appropriate.

## COUNT VI: RETALIATION IN VIOLATION OF TITLE VII BASED ON RACE

89. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 16, 18 through 32, and 34 through 47, as if fully set forth in this Count.

90. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

91. The retaliation to which Plaintiff was subjected was based on his race.

92. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

95. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harms.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

### COUNT VII: RETALIATION IN VIOLATION OF TITLE VII BASED ON NATIONAL ORIGIN

96. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 34 through 47, as if fully set forth in this Count.

97. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

98. The retaliation to which Plaintiff was subjected was based on his national origin.

99. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

101. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

102. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harms.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT VIII: RETALIATION IN VIOLATION OF THE FCRA BASED ON RACE

103. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 16, 18 through 32, and 34 through 47, as if fully set forth in this Count.

104. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under the FCRA, Chapter 760, Florida Statutes.

105. The retaliation to which Plaintiff was subjected was based on his race and

his objections to unlawful race discrimination.

106. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

107. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

108. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

109. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harms.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT IX: RETALIATION
## IN VIOLATION OF THE FCRA BASED ON NATIONAL ORIGIN

110. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 34 through 47, as if fully set forth in this Count.

111. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under the FCRA, Chapter 760, Florida Statutes.

112. The retaliation to which Plaintiff was subjected was based on his national origin and his objections to unlawful national origin discrimination.

113. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

114. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

115. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Florida Statutes.

116. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harms.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 14th day of October, 2022.

                         By: ***Noah E. Storch***
                         Noah E. Storch, Esq.
                         Florida Bar No. 0085476
                         RICHARD CELLER LEGAL, P.A
                         10368 W. State Rd.84, Suite 103
                         Davie, FL 33324
                         Telephone: (866) 344-9243
                         Facsimile: (954) 337-2771
                         E-mail: noah@floridaovertimelawyer.com

                         *Trial Counsel for Plaintiff*